## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JAMES OGDEN,

      Plaintiff,

          v.

JESSE H. RUIZ, in his official capacity as
Chairman of the Illinois State Board of
Education; DR. RANDY J. DUNN, in his
official capacity as State Superintendent of
the Illinois State Board of Education
(Interim); DENNIS A. WILLIAMS, in his
official capacity as Division Administrator
for Certification of the Illinois State Board
of Education,

      Defendants.

No. 06 C 1207
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff James Ogden ("Ogden") worked as a full-time substitute teacher in the Chicago

Public School system for twelve years. In 2004, Ogden was advised by his employer, the Board

of Education of the City of Chicago ("Chicago Board"), that he would be required to pass a basic

skills test to continue working. The basic skills test is administered by the State Board of

Education ("State Board"). Passing the basic skills test is a pre-requisite for becoming a certified

teacher in Illinois public schools, and the Chicago Board informed Ogden that all full-time

substitute teachers were required to obtain the same certification by June 2004.

In April 2004, Ogden took the test but did not receive a passing score. After enlisting the

help of tutors, he took the test again in June. In August, the State Board notified Ogden that

because his June score was significantly better than his April score, the tests would be submitted

to the Illinois State Police for handwriting analysis.

In January 2005, the State Board informed Ogden that the Illinois State Police Forensic

Science Division had determined that the second test was not taken by Ogden. The State Board

voided Ogden's June test score and stated that his pending and future applications for teaching

certification would be denied unless Ogden submitted information exonerating himself and

establishing his good character to the State Board's satisfaction. Ogden did not receive the

specific results of the handwriting analysis or the disputed test, nor was he provided an

opportunity for a hearing.

Ogden did not respond to the State Board's offer. As a result of the State Board's

subsequent refusal to grant him a teaching certification, Ogden lost his position as a substitute

teacher with the Chicago Board and is unable to work either as a full-time substitute or regular

teacher in Illinois.[1] Odgen thereafter filed this suit against representatives of the State Board

under 42 U.S.C. § 1983 alleging that he was denied teaching certification without receiving due

process and the he lost both current and future employment opportunities as a result of

Defendants' conduct. Defendants filed this motion seeking dismissal of Ogden's claims.

A motion to dismiss tests the sufficiency of a claim, not the merits of the case. *Autry v.*

*Northwest Premium Servs. Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). I should grant Defendants'

motion only if Ogden cannot prove any set of facts in support of his claims that would entitle him

to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing Defendants' motion, I must

---

[1]Defendants claim that Ogden's failure to attain the teaching certification only denies him employment as a teacher with the Chicago Public Schools, but for the purpose of this motion I must assume the truth of all of Ogden's well-pleaded factual allegations. Ogden has alleged that the denial of the teaching certificate foreclosed both permanent and substitute teaching positions in Illinois, alleging that the "State Board's decision here means that Mr. Ogden is barred from teaching in Illinois permanently" and that he is "no longer able to work as a teacher in Illinois." (Resp. Br. at 6-7.)

construe all allegations in the claim in the light most favorable to Ogden and accept all well-

pleaded facts and allegations as true. *See, e.g., Bontkowski v. First Nat'l Bank*, 998 F.2d 459,

461 (7th Cir. 1993). I may only grant Defendants' motion if "no relief could be granted under

any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*,

467 U.S. 69, 73 (1984).

To state a claim under § 1983, a plaintiff must allege that while acting under color of state

law, the defendants deprived the plaintiff of rights, privileges or immunities secured by the

Constitution or the laws of the United States. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Case*

*v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003). Ogden alleges a deprivation of his Constitutional

right to procedural due process. To succeed in that claim, he must demonstrate that Defendants'

actions "deprived him of either a liberty or a property interest recognized by law." *Fenje v. Feld*,

398 F.3d 620, 624 (7th Cir. 2005) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972)).

Defendants argue that Ogden failed to allege a deprivation of a protected liberty or property

interest and argue that as a substitute, non-tenured teacher for the Chicago Board, Ogden was not

entitled to certification or to continued employment.[2]

Ogden contends that his complaint adequately alleges the denial of an occupational

liberty interest, as it alleges that the State Board's denial of the teaching certification permanently

---

[2]Defendants also seek dismissal based on a line of cases holding that the State Board of Education is not a proper defendant when the teacher's actual employer was the school district, rather than the State Board. *See, e.g.*, *EEOC v. Illinois*, 69 F.3d 167, 171 (7th Cir. 1995) (holding that the State was not a proper defendant in a suit alleging age discrimination as the state's role in licensing teachers did not make teachers state employees). These cases, however, do not address the central gravamen of Ogden's complaint: that the State Board effectively closed the door to any employment as a teacher in Illinois without the benefit of due process. On this narrow ground, Ogden's claims withstand the motion to dismiss.

bars him from an entire occupation. The right to work as a teacher is a recognized liberty interest

protected by due process. *See Becker v. Ill. Real Estate Admin. & Disciplinary Bd.*, 884 F.2d

955, 957 (7th Cir. 1989) (citing *Thomas v. Bd. of Examiners*, 866 F.2d 225, 227 (7th Cir. 1988)

(per curiam)). "A state, in regulating eligibility for a particular type of professional employment,

cannot 'foreclose a range of opportunities in a manner that contravenes due process, and

specifically, in a manner that denies the right to a full prior hearing.'" *Id*. (quoting *Roth*, 408

U.S. at 573-74). Whether or not Ogden's failure to secure the certification deprived him only of

the right to work as a permanent teacher and only within the Chicago Public Schools is factual

matter to be determined at a later stage of the litigation. For the time being, by alleging a

deprivation of his right to work as a full-time teacher anywhere in Illinois as a result of the State

Board's determination of cheating, Ogden has adequately alleged the denial of a protected

interest.[3]

I must also consider what due process was required in order to protect the interest Ogden

asserts. *See Becker*, 884 F.2d at 958 (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532,

541 (1985)). "Inherent in due process are the concepts of notice and opportunity to be heard

prior to being deprived of a protected interest unless the state's interest in an immediate

deprivation outweighs the individual's interest in a pre-deprivation hearing." *Id*. at 958. A

---

[3]For this reason, Ogden's complaint is also distinct from cases in which a teacher faced with the loss of a position was found to not have a constitutionally protected property interest. *See, e.g.*, *Miller v. School Dist. No. 167*, 500 F.2d 711, 712 (7th Cir. 1974) (holding that a non-tenured teacher could not pursue a § 1983 claim alleging a lack of due process after losing his position because "as a matter of state law the non-tenured teacher's claim of entitlement to his position is insufficient to constitute a property interest within the meaning of the Fourteenth Amendment").

fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Both parties acknowledge that the factors laid out in *Mathews* govern this aspect of Ogden's claim. *Id*. at 335.

Defendants argue that Ogden received sufficient process when the State Board informed him of its intent to deny certification and offered him an opportunity to respond. Ogden claims that this offer was illusory and meaningless as he was not provided with any information that would have allowed him to respond effectively to the allegation of cheating: namely, his test scores and the handwriting sample and analysis. He also argues that due process entitled him to a hearing, rather than simply a chance to assert his innocence and good character in writing.

Based on the allegations found in Ogden's complaint, the first two *Mathews* factors–Ogden's interest in securing teacher certification in the present or the future, and the risk of an erroneous deprivation of his rights–weigh in his favor. As noted earlier, Ogden alleges that the denial of certification bars him from employment as a teacher throughout the state (though this may later be proved false). Morever, the grounds on which the certification was denied challenge his professional reputation and integrity. Further, because the decision to deny certification involved an analysis of Ogden's test scores and handwriting, a direct challenge of that evidence would be a necessary element of any effort to exonerate himself and establish his good character. Though a hearing and an opportunity for Ogden to review the evidence would undoubtedly impose costs upon the state (the final *Mathews* factor), those costs are not overwhelming, particularly when Ogden would shoulder the burden of establishing any flaws or

errors in the state's review of the evidence. I find that Ogden has sufficiently alleged inadequate process in the denial of his certification.[4]

Defendants' remaining arguments in support of their motion to dismiss center on the idea that they were not Ogden's employer and therefore are not responsible for his loss of employment with the Chicago Public Schools. They emphasize that it was the school district that imposed upon Ogden an obligation to obtain teacher certification in order to retain his substitute teaching position or to become a permanent teacher. Nevertheless, Ogden's complaint, properly construed, complains of the State Board's decision to deny teaching certification, which effectively prohibits Ogden from working as a permanent or substitute teacher statewide. As I noted earlier, Ogden may be unable to sustain these allegations as the case proceeds; but for now, I find that he is entitled to pursue his claim that Defendants violated his right to procedural due process while acting under color of law. Defendants' Motion to Dismiss is DENIED.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: August 23, 2006

---

[4]It is possible that during discovery it will become clear that the State Board's invitation to Ogden, which offered him an opportunity to respond to the allegation of cheating in writing, was sufficient process. For this reason, the parties are directed to focus initial discovery efforts on the custom and practice of the State Board of Education when considering applications for teaching certification from applicants suspected of misconduct.